IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
09/24/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

CHIEN TSA LIANG,

Petitioner,

v.

MISTY MACKEY, Warden, Midwest Regional Reception Center; CHRISTOPHER CHAMBERLAIN, Field Office Director, ICE; TODD BLANCHE, Attorney General; and MARKWAYNE MULLIN, DHS Secretary,

Respondents.

Case No. 26-3328-JWL

**MEMORANDUM AND ORDER**

Petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenged his mandatory detention by immigration officials. For the reasons set forth below, the Court **dismisses the petition as moot**.

Petitioner, a native of China, entered the United States in 1989 as a lawful permanent resident. On July 8, 2026, upon returning from a four-day vacation out of the country, petitioner was detained by immigration officials, and removal proceedings were initiated. On September 1, 2026, petitioner filed the instant petition. The Government has filed a response, and petitioner has filed a traverse, and the matter is therefore ripe for ruling.

Petitioner claims in the petition that he does not fall within the definition of an alien "seeking admission" under 8 U.S.C. § 1101(a)(13)(v), and that therefore the Government

has improperly subjected him to mandatory detention under 8 U.S.C. § 1225(b)(2) as an arriving alien "seeking admission." He argues that he is instead entitled to be deemed detained under 8 U.S.C. § 1226(a), which allows for discretionary release on bond. Although his defense to removal in immigration court appears also to involve consideration of that same definitional issue (turning on the classification of two prior convictions), in this action petitioner seeks only a ruling regarding whether he may be detained without bond consideration under Section 1225(b)(2) while his removal proceedings are pending.

That issue is now moot, however. On September 16, 2026, an immigration judge (IJ) conducted a hearing in petitioner's removal proceedings. Petitioner has disputed the description of that hearing merely as a "bond hearing," because at the hearing petitioner (through counsel) requested a ruling from the IJ on whether he was subject to mandatory detention under Section 1225(b)(2) (the same issue presented in this case). The IJ agreed with petitioner that he was *not* subject to mandatory detention under Section 1225(b)(2), the IJ proceeded to order petitioner's release on bond, and petitioner was in fact released from custody. Thus, the issue raised in the petition has now been resolved in petitioner's favor in the immigration court. Petitioner notes in a supplemental reply that his removal proceedings are ongoing and that the Government has reserved the right to appeal the IJ's bond order. Petitioner has not argued that the case is not presently moot, however. Because at present petitioner is not being subjected to mandatory detention under Section 1225(b)(2) – and in fact has been released from detention on bond – the Court concludes that petitioner's claim is now moot, and it dismisses this action accordingly.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **dismissed as moot**.

IT IS SO ORDERED.

Dated this 24th day of September, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge